UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT-LASHAWN WILLIAMS, 541415,

    Plaintiff,

v.

A. MAXON, et al.,

    Defendants.
_____/

Civil Action No. 18-CV-11207

HON. BERNARD A. FRIEDMAN

## ORDER TRANSFERRING THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

This matter is before the Court on its own review of pro se plaintiff Roosevelt-Lashawn Williams's amended civil rights complaint [docket entry 4]. Plaintiff is incarcerated at the Carson City Correctional Facility ("DRF") in Carson City, Michigan. All of the defendants except Susann Harris and James Long appear to be Michigan Department of Corrections ("MDOC") employees at DRF. Plaintiff alleges that Harris is an MDOC hearing officer in Lansing, Michigan and that Long is an assistant attorney general for the State of Michigan. Plaintiff alleges that the defendants (1) deprived him of access to the courts by refusing to make photocopies for him, (2) violated his right to freedom of speech when they charged him in prison misconduct reports with insolence, (3) degraded him, slandered him, and subjected him to cruel and unusual punishment, and (4) infringed on his intellectual property rights.

A preliminary question is whether this judicial district is the proper venue. The proper venue in civil actions is the judicial district where (1) any defendant resides if all the defendants are residents of the State in which the district is located, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the

subject of the action is situated, or (3) any defendant is subject to the court's personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti* 472 F.2d 789, 791 (6th Cir. 1972) (quoting 1 Moore's Federal Practice 1487–88). Under 28 U.S.C. §§ 1404(a) and 1406(a), the Court may transfer a civil action to any other district where it might have been brought.

All of the defendants appear to work at DRF, which is in Montcalm County, or in Lansing, Michigan, which is in Ingham County; and all of the events giving rise to the complaint appear to have occurred at DRF. Compl., pp. 5–6. Both Ingham and Montcalm counties are in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Thus, under § 1391(b), the proper venue for plaintiff's complaint is the Western District.[1]

Accordingly,

IT IS ORDERED that the Clerk of Court transfer this case to the United States District Court for the Western District of Michigan pursuant to §§ 1391(b), 1404(a), and 1406(a).

Dated: May 15, 2018       s/Bernard A. Friedman
Detroit, Michigan      BERNARD A. FRIEDMAN
     SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2018.

     s/Johnetta M. Curry-Williams
     Case Manager

---

[1] The Court notes that it has not screened plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, nor has it determined whether plaintiff may proceed *in forma pauperis*.

2